# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-06-2021 |
| | § | |
| KEVIN BRADY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

James Wright, a Texas resident who lives in congressional district 8, sues Kevin Brady, the elected representative from that district. Wright alleges that Brady has "endangered this nation by his voting record in the U.S. Congress"; that Brady received money from Tom Delay's P.A.C.; that Brady has violated "states rights under the 10th Amendment"; that Brady must be replaced because he broke his "contract with the voters before the November, 2004 election"; and that Brady must refund the salary he has received from January 2006 to the present. (Docket Entry No. 1, Ex. A). Brady timely removed from state to federal court and now moves to dismiss based on lack of standing, on qualified immunity, and on failure to state a claim. Wright has not filed a response to the motion to dismiss.

If a plaintiff lacks standing to assert a claim, a federal court lacks subject-matter jurisdiction over that claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992);

*In re Weaver*, 632 F.2d 461, 463 n.6 (5th Cir. 1980) (noting that "[b]ecause standing is an element of the constitutional requirement of 'case or controversy,' lack of standing deprives the court of subject matter jurisdiction"). Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

    The complaint on its face reveals that Wright lacks standing. As Brady points out, standing requires that a plaintiff assert an actual injury to a legally protected interest and that the injury be one that a court can redress. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976). Neither element is present in this case. Wright's interest in having the congressman elected from his district vote in a particular way is redressable through the political process, not through a lawsuit. Wright's interest in having certain conduct prosecuted as criminal is redressable through the authority of the United States Attorney's Office, not through a private individual's civil lawsuit. This court has no authority to order

2

a sitting congressman removed from Congress. *See* U.S. Const. art. I, § 5, cl. 1, cl. 2. Wright asserts claims that are not cognizable and seeks relief that this court cannot provide. He has no standing to bring this suit.

Wright's claims against Brady individually are also barred by qualified immunity. In *Harlow v. Fitzgerald*, the Supreme Court established that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818 (1982). The Court subsequently clarified in *Siegert v. Gilley*, 500 U.S. 226, 232–34 (1991), that courts evaluating § 1983 claims based on allegedly unconstitutional conduct by state actors should first examine whether a constitutional right would have been violated on the facts alleged. When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense. *See Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). Because qualified immunity is an "*immunity from suit* rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original), adjudication of qualified immunity claims should occur "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). If qualified immunity is raised in a motion to dismiss, it is the defendant's conduct as alleged in the complaint that is scrutinized. Wright has not alleged any violation of a clearly established constitutional right. A general claim that a sitting congressman "violate[d] states rights under the 10th Amendment" does not overcome qualified immunity.

To the extent that Wright asserts liability based on Brady's votes, his suit is absolutely barred. The Speech and Debate Clause, U.S. Const., art. I, § 6, cl. 1, precludes judicial examination of activities such as the votes a legislator casts or how the legislator performs his legislative duties. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975).

This case must be dismissed because the plaintiff lacks standing to sue and the defendant is immune from suit. A dismissal order is separately entered.

SIGNED on August 15, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge